GEORGE B. FORRESTER, Plaintiff, *against* ANDREW D. PARKER, Defendant.

(Decided April 4th, 1887.)

The acceptance of the bond of a debtor payable in one year, on the understanding that an extension is to be granted, is sufficient consid-

eration to support a mortgage, executed by a third person, to secure the bond, and a covenant therein to pay the debt; and a failure to record such mortgage, the land having passed into the hands of a *bona fide* purchaser without notice, will not affect the creditor's right of action against the mortgagor on the covenant.

EXCEPTIONS ordered to be heard in the first instance at the General Term.

Andrew J. Parker, father of the defendant Andrew D. Parker, being indebted to plaintiff, in order to secure an extension of time of payment, gave to plaintiff a bond executed by himself, payable in one year, and a mortgage executed by defendant to secure such bond, the mortgage containing a covenant to pay the debt. The mortgage was not recorded, and the land was sold by defendant to a ·purchaser without notice. This action was brought on the covenant contained in the mortgage. The court directed a verdict for plaintiff, and ordered defendant's exceptions to be heard in the first instance at the General Term.

*Louis S. Phillips*, for defendant.

*Hector M. Hitchings*, for plaintiff.

J. F. DALY, J. — The plaintiff testified that he gave Andrew J. Parker, senior, an extension of one year on receiving the mortgage executed by the defendant. The extension was ample consideration for the mortgage and the defendant's covenant to pay the debt which was contained in it. It was not necessary that the agreement for extension should be in writing; the acceptance of the bond of the debtor payable in one year upon that understanding was sufficient. The receipt and acceptance of the bond of the debtor and of the mortgage made by the defendant, if nothing else were done, and there were no other proof of extension, would be sufficient ground for presuming that there was an agreement to give an extension for the time that the new obligation and the security had to run (*Walrath* v. *Thompson*, 6 Hill 540).

There is no force in the objection that the mortgagee should have recorded the mortgage. The defendant held the property and could have protected himself, when he conveyed it away, by giving notice of the mortgage to his grantees. The recording of a mortgage is not for the protection of the mortgagor.

It is not suggested that there was any question of fact in the case. Defendant moved for a direction of a verdict in his favor, and that being refused, did not ask for the submission of the case to the jury. It was therefore properly disposed of by the judge upon the uncontradicted evidence.

The exceptions must be overruled and the motion for a new trial denied, with costs.

LARREMORE, Ch. J., and VAN HOESEN, J., concurred.

Exceptions overruled and new trial denied, with costs.